# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE
## CIVIL ACTION NO:

| | |
|---|---|
| **U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust** | |
| **Plaintiff** | **COMPLAINT** |
| vs. | |
| | RE: |
| **Carl A. Marston and Brenda L. Marston and Oxford Bank and Trust n/k/a TD Bank, National Association** | 115 Tigerhill Road, Oxford, ME 04270 |
| | Mortgage: |
| **Defendants** | June 25, 2004 |
| | Book 3544, Page 293 |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Carl A. Marston and Brenda L. Marston and Oxford Bank and Trust n/k/a TD Bank, National Association, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Loan Repayment Agreement executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, in which the Defendants, Carl A. Marston and Brenda L. Marston, are the obligor and the total amount owed under the terms of the Loan Repayment Agreement is One Hundred Seventy Eight Thousand Seven Hundred Fifty Six Dollars and Eighty Cents ($178,756.80), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 13801 Wireless Way, Oklahoma City, Oklahoma 73134.

5. The Defendant, Carl A. Marston, is a resident of Oxford, County of Oxford and State of Maine.

6. The Defendant, Brenda L. Marston, is a resident of Oxford, County of Oxford and State of Maine.

7. The Defendant, Oxford Bank and Trust n/k/a TD Bank, National Association, is located at 1586 Main Street, Oxford, ME 04270.

## FACTS

8. On March 29, 1986, by virtue of a Warranty Deed from Richard Knittweis and Jeanine D. Knittweis, which is recorded in the Oxford County Registry of Deeds-Eastern in **Book 1382, Page 195**, the property situated at 115 Tigerhill Road, County of Oxford, and State of Maine, was conveyed to the Defendants, Carl A. Marston and Brenda L. Marston, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On June 25, 2004, the Defendants, Carl A. Marston and Brenda L. Marston, executed and delivered to Beneficial Maine, Inc. a certain Loan Repayment Agreement in the amount of $124,208.95. *See* Exhibit B (a true and correct copy of the Loan Repayment Agreement is attached hereto and incorporated herein).

10. To secure said Loan Repayment Agreement, on June 25, 2004, the Defendants executed a Mortgage Deed in favor of Beneficial Maine, Inc., securing the property located at 115 Tigerhill Road, Oxford, ME 04270 which Mortgage Deed is recorded in the Oxford County Registry of Deeds-Eastern **in Book 3544**, **Page 293**. See Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust by virtue of an Assignment of Mortgage dated August 19, 2014 and recorded in the Oxford County Registry of Deeds-Eastern in **Book 5159, Page 345**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. On February 16, 2017, the Defendant(s) Carl A. Marston and Brenda L. Marston, executed a Modification Agreement – Limited Term which made the new Principal Balance of the amount of the Loan Repayment Agreement to $111,818.13 (herein after referred to as the "Loan Modification"). *See* Exhibit E (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

13. On September 18, 2017, the Defendants, Carl A. Marston and Brenda L. Marston, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit F (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

14. The Demand Letter informed the Defendants, Carl A. Marston and Brenda L. Marston, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit F.

15. The Defendants, Carl A. Marston and Brenda L. Marston, failed to cure the default prior to the expiration of the Demand Letter.

16. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, is the present holder of the Loan Repayment Agreement pursuant to possession of the Loan Repayment Agreement in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

17. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, is the lawful holder and owner of the Loan Repayment Agreement and Mortgage. The total debt owed under the Loan Repayment Agreement and Mortgage as of March 7, 2018, if no payments are made, is One Hundred Seventy Eight Thousand Seven Hundred Fifty Six Dollars and Eighty Cents ($178,756.80), which includes Unpaid Principal Balance in the amount of One Hundred Eleven Thousand Four Hundred Ninety Nine Dollars and Fifty Seven Cents ($111,499.57); Accrued Interest in the amount of Four Thousand Two Hundred Fifty Five Dollars and Sixty Four Cents ($4,255.64); Escrow/Impound Required in the amount of One Thousand Four Hundred Sixty Two Dollars and Twenty Five Cents ($1,462.25); Deferred Amounts in the amount of Sixty Thousand Two Hundred Sixty Dollars and Eighty Four Cents ($60,260.84); Total Advances in the amount of One Thousand Two Hundred Seventy Eight Dollars and Fifty Cents ($1,278.50).

18. Upon information and belief, the Defendants, Carl A. Marston and Brenda L. Marston, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

19. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, repeats and realleges paragraphs 1 through 18 as if fully set forth herein.

20. This is an action for foreclosure respecting a real estate related Mortgage and title located at 115 Tigerhill Road, Oxford, County of Oxford, and State of Maine. *See* Exhibit A.

21. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, is the holder of the Loan Repayment Agreement referenced in Paragraph 9 pursuant to sale to it and endorsement by the previous holder (if applicable) and physical possession of the aforesaid Loan Repayment Agreement in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).  As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, has the right to foreclosure upon the subject property.

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Loan Repayment Agreement.

23. The Defendants, Carl A. Marston and Brenda L. Marston, are presently in default on said Mortgage and Loan Repayment Agreement, having failed to make the monthly payment due July 28, 2017, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Loan Repayment Agreement.

24. Oxford Bank and Trust is a Defendant pursuant to (1) a UCC Financing Statement dated June 30, 1986, which is recorded in the Oxford County Registry of Deeds-Eastern in **Book 1405, Page 043;** (2) a UCC Financing Statement which is recorded in the Oxford County Registry of Deeds-Eastern in **Book 1793, Page 006;** and (3) a UCC Financing Statement dated August 1, 1996, which is recorded in the Oxford County Registry of Deeds-Eastern in **Book 2356, Page 048.**

25. The total debt owed under the Loan Repayment Agreement and Mortgage as of March 7, 2018, if no payments are made, is One Hundred Seventy Eight Thousand Seven Hundred Fifty Six Dollars and Eighty Cents ($178,756.80), which includes Unpaid Principal Balance in the amount of One Hundred Eleven Thousand Four Hundred Ninety Nine Dollars and Fifty Seven Cents ($111,499.57); Accrued Interest in the amount of Four Thousand Two Hundred Fifty Five Dollars and Sixty Four Cents ($4,255.64); Escrow/Impound Required in the amount of One Thousand Four Hundred Sixty Two Dollars and Twenty Five Cents ($1,462.25); Deferred Amounts in the amount of Sixty Thousand Two Hundred Sixty Dollars and Eighty Four Cents ($60,260.84); Total Advances in the amount of One Thousand Two Hundred Seventy Eight Dollars and Fifty Cents ($1,278.50).

26. The record established through the Oxford County Registry of Deeds-Eastern indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

27. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

28. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Carl A. Marston and Brenda L. Marston, on September 18, 2017, evidenced by the Certificate of Mailing.. *See* Exhibit F.

29. The Defendants, Carl A. Marston and Brenda L. Marston, are not in the Military as evidenced by the attached Exhibit G.

## COUNT II – BREACH OF LOAN REPAYMENT AGREEMENT

30. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, repeats and re-alleges paragraphs 1 through 29 as if fully set forth herein.

31. On June 25, 2004, the Defendants, Carl A. Marston and Brenda L. Marston, executed and delivered to Beneficial Maine, Inc. a certain Loan Repayment Agreement in the amount of $124,208.95.  *See* Exhibit B.

32. The Defendants, Carl A. Marston and Brenda L. Marston, are in default for failure to properly tender the July 28, 2017 payment and all subsequent payments.  *See* Exhibit F.

33. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, is the proper owner and holder of the Loan Repayment Agreement and is entitled to enforce the terms and conditions of the Loan Repayment Agreement due to its breach by the Defendants, Carl A. Marston and Brenda L. Marston.

34. The Defendants, Carl A. Marston and Brenda L. Marston, having failed to comply with the terms of the Loan Repayment Agreement and Mortgage, are in breach of both the Loan Repayment Agreement and the Mortgage.

35. The Defendants, Carl A. Marston and Brenda L. Marston's breach is knowing, willful, and continuing.

36. The Defendants, Carl A. Marston and Brenda L. Marston's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

37. The total debt owed under the Loan Repayment Agreement and Mortgage as of March 7, 2018, if no payments are made, is One Hundred Seventy Eight Thousand Seven Hundred Fifty Six Dollars and Eighty Cents ($178,756.80), which includes Unpaid Principal Balance in the amount of One Hundred Eleven Thousand Four Hundred Ninety Nine Dollars and Fifty Seven Cents ($111,499.57); Accrued Interest in the amount of Four Thousand Two Hundred Fifty Five Dollars and Sixty Four Cents ($4,255.64); Escrow/Impound Required in

the amount of One Thousand Four Hundred Sixty Two Dollars and Twenty Five Cents ($1,462.25); Deferred Amounts in the amount of Sixty Thousand Two Hundred Sixty Dollars and Eighty Four Cents ($60,260.84); Total Advances in the amount of One Thousand Two Hundred Seventy Eight Dollars and Fifty Cents ($1,278.50).

38. Injustice can only be avoided by awarding damages for the total amount owed under the Loan Repayment Agreement including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

39. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

40. By executing, under seal, and delivering the Loan Repayment Agreement, the Defendants, Carl A. Marston and Brenda L. Marston, entered into a written contract with Beneficial Maine, Inc. who agreed to loan the amount of $124,208.95 to the Defendants. *See* Exhibit B.

41. As part of this contract and transaction, the Defendants, Carl A. Marston and Brenda L. Marston, executed the Mortgage to secure the Loan Repayment Agreement and the subject property. *See* Exhibit C.

42. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, is the proper holder of the Loan Repayment Agreement and successor-in-interest to Beneficial Maine, Inc., and has performed its obligations under the Loan Repayment Agreement and Mortgage.

43. The Defendants, Carl A. Marston and Brenda L. Marston, breached the terms of the Loan Repayment Agreement and Mortgage by failing to properly tender the July 28, 2017 payment and all subsequent payments. *See* Exhibit F.

44. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, is the proper holder of the Loan Repayment Agreement, and is entitled to enforce the terms and conditions of the Loan Repayment Agreement due to its breach by the Defendants, Carl A. Marston and Brenda L. Marston.

45. The Defendants, Carl A. Marston and Brenda L. Marston, having failed to comply with the terms of the Loan Repayment Agreement and Mortgage, are in breach of contract.

46. The Defendants, Carl A. Marston and Brenda L. Marston, are indebted to U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust in the sum of One Hundred Seventy Eight Thousand Seven Hundred Fifty Six Dollars and Eighty Cents ($178,756.80), for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, to the Defendants.

47. Defendants Carl A. Marston and Brenda L. Marston's breach is knowing, willful, and continuing.

48. Defendants Carl A. Marston and Brenda L. Marston's breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

49. The total debt owed under the Loan Repayment Agreement and Mortgage as of March 7, 2018, if no payments are made, is One Hundred Seventy Eight Thousand Seven Hundred Fifty Six Dollars and Eighty Cents ($178,756.80), which includes Unpaid Principal Balance in the amount of One Hundred Eleven Thousand Four Hundred Ninety Nine Dollars and Fifty Seven Cents ($111,499.57); Accrued Interest in the amount of Four Thousand Two Hundred Fifty Five Dollars and Sixty Four Cents ($4,255.64); Escrow/Impound Required in the amount of One Thousand Four Hundred Sixty Two Dollars and Twenty Five Cents

($1,462.25); Deferred Amounts in the amount of Sixty Thousand Two Hundred Sixty Dollars and Eighty Four Cents ($60,260.84); Total Advances in the amount of One Thousand Two Hundred Seventy Eight Dollars and Fifty Cents ($1,278.50).

50. Injustice can only be avoided by awarding damages for the total amount owed under the Loan Repayment Agreement and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

51. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, repeats and re-alleges paragraphs 1 through 50 as if fully set forth herein.

52. Beneficial Maine, Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, loaned Defendants, Carl A. Marston and Brenda L. Marston, $124,208.95. *See* Exhibit B.

53. The Defendants, Carl A. Marston and Brenda L. Marston, are in default for failure to properly tender the July 28, 2017 payment and all subsequent payments. *See* Exhibit F.

54. As a result of the Defendants' failure to perform under the terms of their obligation, the Defendants, Carl A. Marston and Brenda L. Marston, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust.

55. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

56. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, repeats and re-alleges paragraphs 1 through 55 as if fully set forth herein.

57. Beneficial Maine, Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, loaned the Defendants, Carl A. Marston and Brenda L. Marston, $124,208.95.  *See* Exhibit B.

58. The Defendants, Carl A. Marston and Brenda L. Marston, have failed to repay the loan obligation.

59. As a result, the Defendants, Carl A. Marston and Brenda L. Marston, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust as successor-in-interest to Beneficial Maine, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

60. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendants, Carl A. Marston and Brenda L. Marston, are in breach of the Loan Repayment Agreement by failing to make payment due as of July 28, 2017, and all subsequent payments;

d) Find that the Defendants, Carl A. Marston and Brenda L. Marston, are in breach of the Mortgage by failing to make payment due as of July 28, 2017, and all subsequent payments;

e) Find that the Defendants, Carl A. Marston and Brenda L. Marston, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Carl A. Marston and Brenda L. Marston, are in breach of contract by failing to comply with the terms and conditions of the Loan Repayment Agreement and Mortgage by failing to make the payment due July 28, 2017 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, is entitled to enforce the terms and conditions of the Loan Repayment Agreement and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Carl A. Marston and Brenda L. Marston, have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, to restitution;

j) Find that the Defendants, Carl A. Marston and Brenda L. Marston, are liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, for money had and received;

k) Find that the Defendants, Carl A. Marston and Brenda L. Marston, are liable to the Plaintiff for quantum merit;

l) Find that the Defendants, Carl A. Marston and Brenda L. Marston, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Carl A. Marston and Brenda L. Marston, to continue to appreciate and retain the benefit of the Mortgage, Loan Repayment Agreement and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, is entitled to restitution for this benefit from the Defendants, Carl A. Marston and Brenda L. Marston;

o) Determine the amount due on said Mortgage and Loan Repayment Agreement, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Carl A. Marston and Brenda L. Marston, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, in the amount of One Hundred Seventy Eight Thousand Seven Hundred Fifty Six Dollars and Eighty Cents ($178,756.80), the total debt owed under the Loan Repayment Agreement plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust,
By its attorneys,

Dated: February __, 2018

/s/ John A. Doonan
John Doonan, Esq. (BBO# 3250)
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670